UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES NEARY, individually and on behalf of other similarly situated individuals | : : : | |
| Plaintiffs | : : | CIVIL ACTION NO.: |
| | : | 3:06 CV 0536 (JBA) |
| - against - | : : : | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | : : | |
| Defendant. | : | December 20, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE
ACTION AND TO AUTHORIZE NOTICE TO CLASS MEMBERS**

**I.   PRELIMINARY STATEMENT**

This action arises from the unlawful failure of Defendant Metropolitan Property and Casualty Insurance Company (hereinafter "Metropolitan") to pay its automobile damage appraisers overtime compensation as guaranteed by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

The named Plaintiff, James Neary ("Neary") respectfully submits this Memorandum of Law in support of his motion pursuant to Section 216 of the FLSA to certify a class consisting of all current and former automobile damage appraisers in Metropolitan's Claims Department at any time after April 6, 2003, who worked at least one hour of overtime and who were subject to Metropolitan's conduct of having designated them as exempt from overtime and thereby denying them overtime premiums for their overtime work.

As set forth more fully hereinafter, this motion should be granted because Neary has satisfied the criteria of the FLSA, namely that the class members are "similarly situated."

**II      STATEMENT OF FACTS**

Defendant employs persons who appraise damaged automobiles with regard to claims under its automobile insurance policies. This job includes three corresponding titles - Associate Appraiser - Auto, Appraiser - Auto, and Senior Appraiser - Auto.[1] (Ex. A, Job Description of Auto Appraiser positions, created October 2001, Ex. B, 30(b)(6) Deposition of James Gallagher, p. 36:23 - 37:18, 39:11-18).  These positions all perform essentially the same primary duties.  These duties include:

"Receiving claim assignments from Dispatch Specialist.

Contacting customer; setting appointment to inspect vehicle damage.

Writing cost estimate for repair of damage; identifying total loss and coordinating claim handling with Total Loss Specialist.

Documenting damages through photographs.

Reviewing and applying coverages, deductibles and exclusions.  Negotiating settlement; issuing payments to claimants for repair.

Negotiating with body shops to reach agreed repair costs.

Providing supplementary estimates when necessary."

Ex. A, pp. 1, 3, 5.

The Associate Appraiser's duties vary only in that they operate "under the general direction of a Claim Supervisor or designee." Ex. A, p. 1, Ex. B, Gallagher, p. 92:23-93:5.  The Senior Appraiser's duties vary only in that they "May be assigned to lead special projects or initiatives.  May be designated

---

[1]Plaintiffs file herewith an Amended Complaint seeking to amend the class definition to conform to the evidence obtained during discovery, i.e., the job description for the position of Appraiser - Auto.

to supervise unit during supervisory absence." Ex. A, p. 5. In all other respects, the duties of these employees are identical.

When Defendant created these job descriptions in 2001, it classified them as exempt from overtime. Ex. C, 30(b)(6) Deposition of Isabelle Frost, p. 47:2-11, Ex. D, FLSA Job Analysis of the Position of "Appraiser." Accordingly, Defendant does not pay these "Appraisers" overtime premiums for hours worked in excess of 40 in a week.

Defendant employs approximately 220 -30 persons in this job nationwide at any one time.[2] Ex. B, pp. 31:17 - 34:1. They work out of "auto units" of Defendant's Field Claims Offices (FCO). Ex. A. Defendant's nine (9) Field Claims Offices are located in Rocky Hill, CT, Albany, NY, Bloomington, MN, Charlotte, NC, Dallas, TX, Freeport, IL, Naperville, IL, Indianapolis, IA, Lowell, MA and Warwick, RI. Ex. B, pp. 29-31.

Defendant has classified all putative class members as exempt from the overtime requirements of the FLSA. Ex. A. In 2003, the company performed an "FLSA Job Analysis" of the position of "Appraiser." Ex. D. It concluded that this position was "Exempt" and did not discuss differences between individual employees. Ex. D, p. 2, DEF 000944.

During the period of the claim, all putative class members have held the same title, performed the same primary duties and have been classified as exempt by the same employer based on one centralized analysis and decision making process.

**III.    ARGUMENT**

    **A.    A COLLECTIVE ACTION UNDER THE FLSA IS WARRANTED**

---

[2]It is estimated that, with turnover, there may be in excess of 300 putative class members.

> 1. *Plaintiff Need Only Make A Minimal Showing That The Putative Class Members Are "Similarly Situated" In Order To win A Motion To Proceed As A Collective Action*

The FLSA was enacted by Congress to protect employees who are denied minimum wages and/or overtime compensation. Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation as provided in Section 207. This private enforcement action under Section 216(b) may be maintained as a "collective or class action" by any one or more employees for and on behalf of themselves and other "similarly situated" employees.

There are two conditions for maintaining a collective action under the FLSA. First, the named plaintiff and the putative class members must be "similarly situated." *See* 29 U.S.C. § 216(b); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Second, the putative class members must "opt-in" and thereby consent in writing to be bound by the result of the suit. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173, 110 S. Ct. 482, 488, 107 L.Ed.2d 480 (1989).

Most courts utilize a two-step approach to certifying collective actions under the FLSA. *See, e.g.*, *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995); *Schwed v. General Electric Co.*, 159 F.R.D. 373, 375 (N.D.N.Y.1995); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J.1988). As noted by this Court, Droney, J., in *Scott v. Aetna Services, Inc.*, 210 F.R.D. 261 (D.Conn. 2002),

> In the first phase of an FLSA collective action inquiry, a court examines the ***pleadings and affidavits*** of the proposed class action and determines whether the proposed class members are "similarly situated." . . . *See Mooney*, 54 F.3d at 1213-14. If a court finds that the proposed class members are "similarly situated," the court "conditionally certifies" the class. *See id.* Putative class members are given notice and the opportunity to "opt-in" and the action proceeds as a representative action throughout discovery. *See id.* . . .
>
> In [the initial] phase, a court employs a fairly lenient evidentiary standard. *See Mooney*, 54 F.3d at 1213 ("At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a

> single decision, policy, or plan infected by discrimination.") (internal quotation marks omitted).
>
> The second phase of an FLSA collective action inquiry occurs after discovery is largely complete and "is typically precipitated by a motion for 'decertification' by the defendant." *Id.* at 1214. At this stage, the court makes a factual finding on the "similarly situated" issue, based on the record produced through discovery. *See id.* If the court finds that the claimants are "similarly situated," the representative action may proceed to trial. If the claimants are not similarly situated, the court decertifies the class, and the "opt-in" plaintiffs are dismissed without prejudice. *See id.* The class representatives then proceed to trial on their individual claims. *See id.* Accordingly, before this case can be permitted to continue as an FLSA collective action pursuant to 29 U.S.C. § 216(b), the named plaintiffs must demonstrate, with appropriate evidence, that they are "similarly situated" to the "opt-in" plaintiffs.

210 F.R.D. 261, 264 (D.Conn. 2002); *see also Thiessen v. General Electric Capital Corp.*, 996 F.Supp. 1071, 1079 n.12 (D. Kan. 1998) ("In light of this 'lenient' standard, a vast majority of district courts grant conditional certification in § 216(b) actions at the notice stage.") (*citing Vaszlavik v. Storage Tech Corp.*, 175 F.R.D 672, 678 (D.Colo.1997); *Consolidated Freightways, Inc.*, 137 F.R.D. 294, 303-04 (N.D.Cal.1991); *Heagney v. European Am. Bank*, 122 F.R.D. 125, 129-30 (E.D.N.Y.1988); *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 406-407 (D.N.J.1988); *Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D.Colo.1987); *Owens v. Bethlehem Mines Corp.*, 108 F.R.D. 207, 213 (S.D.W.Va.1985); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 445 (D.C.Ill.1982)).

At the preliminary notice stage, "plaintiffs are only required to demonstrate a factual nexus which supports a finding that potential plaintiffs were subjected to a common discriminatory scheme." *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995). See also *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (citation omitted) (FLSA requires only "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination").

>   2.   All Members Of The Putative Class Are Similarly Situated, Because They All Held The Same Job Position

Courts routinely grant certification of collective actions under the FLSA when the putative class shares a common job title, which is classified as exempt by the employer. For example, in *Scott v. Aetna Services, Inc.*, *supra*, this Court granted a motion to proceed as a collective action for a class consisting of "Systems Engineers," based upon a common job title and description. The Court also denied the Defendant's subsequent motion to decertify the class after extensive discovery had been filed. It did so because the evidence presented:

> suggests that the actual job duties of the plaintiffs are quite similar. . . . As well, Aetna classifies the employment of the plaintiffs in a single job category, i.e., "Systems Engineer," lists the job duties of the Systems Engineers in one document – the "Matrix"– and applies a blanket overtime exemption policy to such engineers. Accordingly, the job duties of the Systems Engineers may be established by generalized proof for purposes of the FLSA and CMWA analyses.

*Scott*, 210 F.R.D. at 264.

Likewise, in *Hoffman v. Sbarro, Inc.*, *supra*, the District Court conditionally certified a FLSA collective action for all "current and former Sbarro restaurant managers" who were allegedly mis-classified as "executives" under the FLSA and who were not paid on a salaried basis. In *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101 (S.D.N.Y. 2003) the court conditionally certified a collective action under the FLSA brought by meat cutters against a butcher shop alleging that their employer improperly classified them all as exempt. In *Goldman v. Radioshack Corp.*, 2003 WL 21250571 (E.D.Pa.) (copy attached) the court conditionally certified a FLSA collective action for defendant's "Y" store managers who were challenging their exempt classification. The court stated:

> We find that the potential members of Goldman's FLSA representative action are "similarly situated" under the first tier test because they were all subjected to the same employment contract with RadioShack. They were all required to work at least 54 hours per week and all were denied overtime pay.

*Id.* at *8.  See also, *Brzychnalski v. Unesco, Inc.*, 35 F.Supp.2d 351 (S.D.N.Y.) (conditionally certifying a FLSA collective action for asbestos workers because "they are all asbestos workers who were purportedly subjected to a common scheme to deprive them of overtime compensation."); *Jacobsen v. Stop & Shop*, 2003 WL 21136308 (S.D.N.Y.) (copy attached) (conditionally certifying a FLSA collective action for positions of manager trainee, backup or reserve manager and manager of supermarket chain);  *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 468 (N.D.Cal.) (conditionally certifying a FLSA collective action for tour directors and tour managers who were denied overtime pay); *Carter v. Indianapolis Power and Light Company*, 2003 WL 23142183 (S.D.Ind.) (copy attached) (conditionally certifying a FLSA collective action for a class of supervisors who claimed that they were mis-classified as exempt under the executive exemption because they did not perform truly managerial duties); *Bradford v. Bed Bath and Beyond, Inc.*, 184 F.Supp.2d 1342 (N.D.Ga. 2002) (denying a motion to de-certify a collective action of retail store department managers because of the similarity of duties of the members of the class, holding that they were "similarly situated with regard to employment setting and job duties");  *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676 (D.Kan. 2004) (conditionally certifying a FLSA collective action for all non-exempt employees in Kansas and Georgia who were denied overtime pay); *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D.Col. 2002) (conditionally certifying a FLSA collective action for persons who held the positions of counselors, senior counselors or assistant senior counselors and who were not paid wages and overtime pay pursuant to the FLSA.); *McQuay v. American International Group, Inc.*, 2002 WL 31475212 (E.D.Ark. 2002) (copy attached) (conditionally certifying a FLSA collective action for persons who held the position of workers compensation claims adjusters and who were not paid overtime pay.)

This principle also has been applied to overtime claims brought by automobile damage appraisers. Courts routinely have allowed such cases to proceed as collective actions. See, *e.g.*, *Robinson-Smith v. GEICO*, Docket No. 1:01-CV-01340 (D.D.C., 9/4/2002) (copy attached); *In Re: Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation*, MDL Docket No. 1439 (D. Or., 9/26/2002) (stipulated order) (copy attached); *McLaughlin v. Liberty Mutual Insurance Co.*, Docket No. 1:03-CV-10316 (D. Ma., 5/21/2003) (copy attached); *Fichtner v. American Family Mutual Insurance Co.*, Docket No. 02-6284 (D. Or., 5/4/2004) (stipulated order) (copy attached); *Lindsay v. GEICO*, Docket No. 1:04-CV-01213 (D.D.C., 11/9/2004) (copy attached); *Roe-Midgett v. CC Services, Inc.*, Docket No. 4:04-CV-04051 (11/16/2004) (stipulated order) (copy attached); *see also Mitchell v. Pemco Mutual Insurance Co.*, 134 Wash. App. 723, 142 P.3d 623, 625 (Wash. App. 2006) (noting that trial court granted motion for class certification under Washington law in October, 2003, on behalf of class including automobile damage appraisers).

This case is no different, as the principles of these cases directly apply. Neary has amply satisfied the minimal burden of showing that all members of the putative class are similarly situated. All putative class members were employed in the same position - "Appraiser" - that is described by a single job description (Exhibit A). Finally, Neary has shown that all Appraisers were affected by the same common policies or practices, the mis-classification by Defendant of their position as exempt and the failure of Defendant to pay them overtime compensation. Neary's claims thus are typical of all Appraisers' claims.

Because these fundamental allegations are common to each and dominate each of their claims, they easily meet the minimal burden of being "similarly situated" under the FLSA. See *Gregory v. Home Depot USA*, Docket No. 3:01CV00372 (AWT) (D. Conn. 2001) at 3 (copy attached). See also

*Roebuck, supra*, 239 F.Supp.2d at 239 (affidavits that employer had failed to pay employees time and a half for overtime work which fell outside agricultural exemption was sufficient to support finding of "common policy or plan" for purposes of allowing case to proceed as collective action); *Scott, supra*, 210 F.R.D. at 264 (FLSA collective action is appropriate for employees who perform similar, though not identical, job duties); *Bradford, supra*, 184 F.Supp.2d at 1346-51. Accordingly, Neary has satisfied his minimal burden of showing that he and the putative class members are similarly situated so as to permit this case to proceed as a collective action under the FLSA.

      **B.**    **NOTICE OF THE PENDENCY OF THIS ACTION SHOULD BE SENT TO ALL APPRAISERS AND DEFENDANT SHOULD BE ORDERED TO FURNISH THE NAMES AND LAST KNOWN ADDRESSES OF ALL SERVICE REPRESENTATIVES**

To facilitate the operation of the opt-in mechanism and to further the broad remedial purpose of the FLSA, district courts may authorize plaintiffs to send notice to prospective members of the action at any time during the litigation. *Krueger v. New York Telephone Co.*, 1993 WL 276058 at *1 (S.D.N.Y. 1993) (copy attached); *Hoffman, supra*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management"). For purposes of authorizing notice to be sent, the court need not evaluate the merits of plaintiffs' claims. *Hoffman, supra*, 982 F. Supp. at 262; *Gregory v. Home Depot USA*, *supra*, at 2-3.

    Neary has provided the Court with a proposed notice, attached as Exhibit E, and respectfully requests that the Court order that such notice be sent to all Appraisers. Court-supervised notice routinely is granted in FLSA actions in order to further the statute's remedial purpose. *Soler v. G.&U., Inc.*, 568 F. Supp. 313, 316 (S.D.N.Y. 1983); *Cook v. U. S.*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985); *Frank v. Capital Cities Communications, Inc.*, 88 F.R.D. 674, 676 (S.D.N.Y. 1981). Indeed, the Second

Circuit encourages the sending of notice to "similarly situated" individuals, as doing so "comports with the broad remedial purpose of the [FLSA] . . . as well as with the interest of the courts in avoiding multiplicity of suits." *Brauenstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1979). Articulating the benefits of a collective action, the United States Supreme Court has stated that accurate and timely notice concerning the pendency of a collective action is necessary in order for potential plaintiffs to make informed decisions about whether to participate in the litigation:

> Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.

*Hoffman-LaRoche, supra*, 493 U.S. at 170, 110 S.Ct. at 486, 107 L.Ed.2d 480.[3]

Pursuant to the express statutory language of the FLSA, as well as governing case law, present and former Appraisers are entitled to receive notice of the pendency of this action so that they may be advised of the issues involved in this suit and take appropriate action to protect their own rights and interests. *See, e.g.*, *Cook, supra*, 109 F.R.D. at 83 ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion. . . . Without such notice prospective plaintiffs would be unaware of the action and their right to participate as class members.") (internal quotation and citation omitted). Such court-supervised notice is consistent with the remedial and humanitarian purposes of the FLSA. *See, e.g.*, *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 296 (1985) (The FLSA must be "consistently construe[d] liberally to apply to the furthest reaches consistent with congressional direction . . . recognizing that broad coverage is essential

---

[3] Although *Hoffman-La Roche* is an ADEA case, it is equally applicable to FLSA actions since the ADEA provision at issue was, in fact, Section 16(b) of the FLSA, which is incorporated into the ADEA by reference.

to accomplish the [FLSA's] goal[s] . . ."). The Court thus should authorize notice to all Service Representatives.

It is impossible, however, for Neary to notify all Appraisers unless he first knows their identities. Since this information is within the exclusive control of the Defendant, Neary urges the Court to direct Defendant to furnish the names and last known addresses of all such employees and to authorize the sending of the attached Notice and Consent Forms to these individuals. The Supreme Court of the United States has clearly authorized and encouraged district courts to exercise their discretion early in the litigation to permit discovery of the names and addresses of former employees in order to ensure that potential plaintiffs are promptly and accurately notified. *Hoffman-La Roche, supra*, 493 U.S. at 170, 110 S.Ct. at 486, 107 L.Ed.2d 480.

The Court should direct that Defendant furnish the names and last known addresses of all Appraisers as soon as possible, so that notice can be expedited. Court-supervised notice must be expedited in the instant matter for several reasons. Unlike a typical Fed. R. Civ. P. 23 action, the FLSA statute of limitations is not tolled by the filing of a Complaint on behalf of a FLSA class. Rather, the FLSA statute of limitations is tolled at the time each class member files their individual "Opt-In" form pursuant to Section 216(b) of the Act. Accordingly, the members of the putative class lose their rights to claim overtime wages with each passing day. While the parties entered into an agreement to toll the statute of limitations between May 26, 2006 and December 20, 2006, that tolling order has now expired. The limitations period once again is running, and the rights of the putative class members once again are affected by each passing day.

**IV.    CONCLUSION**

It is clear that Neary and all other individuals employed by Defendant as Appraisers are similarly situated, and, therefore, his motion for permission to proceed as a collective action under the FLSA should be granted. Moreover, it is a matter of fundamental fairness that all such employees or former employees be notified of this action and be afforded the opportunity to opt-in to this case to pursue their individual rights and protect their pecuniary interests. Accordingly, Defendant should be ordered to produce the names and last known addresses of all persons employed as Appraisers on an expedited basis so that notice and an opt-in form, as set forth in Exhibits E & F, can be sent to these individuals.

:                                         PLAINTIFF, JAMES NEARY, individually and
                                          on behalf of other similarly situated individuals


By:___/s/ Richard E. Hayber___
Richard E. Hayber, Esq.
Fed. Bar No.: ct11629
Hayber & Pantuso, LLC
221 Main Street, Suite 400
Hartford, CT 06106
(860) 522-8888
Attorney for the Plaintiff

**CERTIFICATION OF SERVICE**

      I hereby certify that on December 20, 2006 a copy of the foregoing Memorandum in support of Motion to Proceed as a Collective Action was filed electronically [and service made by certified mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by certified mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

      _/s/Richard E. Hayber____
      Richard E. Hayber