**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------------- X
JAMES NEARY, individually and : 
on behalf of other similarly situated : 
individuals, : 
 : 
               Plaintiffs, :    Case No. 3:06 CV 0536 (JBA)(JGM)
 : 
      v. :    **ELECTRONICALLY FILED**
 : 
METROPOLITAN PROPERTY AND : 
CASUALTY INSURANCE COMPANY, : 
 : 
               Defendant. : 
------------------------------------- X

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
AND TO STRIKE FED. R. CIV. P. 23 CLASS ALLEGATIONS**

Defendant Metropolitan Property and Casualty Insurance Company ("Defendant") submits this reply brief in further support of its Motion to Dismiss and to Strike Fed. R. Civ. P. 23 Class Allegations.

**INTRODUCTION**

In his brief opposing Defendant's Motion to Dismiss, Plaintiff James Neary ("Plaintiff") provides no legal basis for the Court to deny Defendant's motion. First, Plaintiff appears to misunderstand Defendant's argument regarding the Rules Enabling Act, and Defendant's position that a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ("§ 216(b)") may not co-exist simultaneously in the same litigation with a Fed. R. Civ. P. 23 ("Rule 23") class action. As a result, Plaintiff's opposition does not address Defendant's arguments at all, but, rather, creates (and responds to) a preemption argument that Defendant never made.

Second, in response to Defendant's motion to strike his class claims because he is an inadequate class representative, Plaintiff does not even attempt to address Defendant's evidence regarding his historical dishonesty.  Instead, Plaintiff simply asks the Court to believe that his days of attempting to sell out the class are behind him.  Plaintiff also completely ignores Defendant's argument that a class action is not a superior method for adjudicating Plaintiff's state law overtime claims.  Both are independent reasons to dismiss Plaintiff's Rule 23 class claims.  As a result, for the reasons set forth in Defendant's opening brief and those discussed below, Defendant respectfully requests that the Court dismiss Plaintiff's Fourth and Fifth claims and strike all state law class allegations.

## ARGUMENT

**I.     PLAINTIFF CANNOT SIMULTANEOUSLY PROSECUTE A § 216(b) COLLECTIVE ACTION UNDER THE FLSA AND A RULE 23 CLASS ACTION FOR STATE LAW OVERTIME CLAIMS IN THE SAME LAWSUIT.**

Defendant has established that Plaintiff's attempt to simultaneously bring an opt-in action under the FLSA and an opt-out class action under state overtime laws violates the Rules Enabling Act ("REA") because it abridges the substantive rights conferred by § 216(b) of the FLSA, which limits the scope of representative actions for overtime pay by requiring putative class members to affirmatively opt-in to the action.  Def.'s Brf. at 5-12.  Defendant has also established that if Plaintiff were permitted to pursue state law overtime claims on behalf of absent Rule 23 class members, he would effectively deprive every absent class member of their individual right to litigate or not litigate their own unpaid overtime claim as party plaintiffs – in direct contravention of the Congressional mandate in § 216(b).  Def.'s Brf. at 7-11.  Plaintiff does not even attempt to address, let alone effectively refute, these conclusions.

Instead, Plaintiff creates a strawman argument to which he would rather respond – that the FLSA completely preempts any state wage claims of Plaintiff, or anyone else he seeks to

represent in this action. See Pl. Opp. at 4 (paraphrasing Defendant's argument as "the FLSA preempts claims under state wage and hour laws."). Defendant, however, makes no such argument, and does not contend that Plaintiff cannot have a state law claim for overtime pay. For that reason, Plaintiff's argument about 29 U.SC. § 218(a) (Pl. Opp. at 6) is completely irrelevant. Nor does Defendant argue that the REA prevents individuals from bringing a Rule 23 opt-out class action for state overtime violations. Rather, Defendant points out only that the REA prohibits such a class action from proceeding when a § 216(b) opt-in collective action also exists with respect to the same putative plaintiffs and claims. Def.'s Brf. at 5-12. Plaintiff cites no caselaw to the contrary. Instead, Plaintiff cites a few cases for the proposition that the FLSA does not entirely preempt *individual* state-law overtime claims. These cases are red herrings, however, as they do not address the only argument currently before this Court.[1]

As a last-ditch effort to save his class claims from dismissal, Plaintiff points to several cases that have permitted an FLSA collective action and a state law class action to proceed in the same lawsuit. Pl.'s Brf. at 5-6. Not one of those cases, however, considered the inherent conflict, the interference with parties' rights, or the res judicata implications of permitting both an opt-out class and an opt-in collective action to proceed in the same lawsuit. Moreover, there are numerous decisions – from last year alone – which directly address and support Defendant's argument. See Herring v. Hewitt Assoc., Inc., No. 06-267 (GEB), 2006 WL 2347875 at *2 (D.N.J. August 11, 2006) (granting motion to dismiss because state law class action allegations

---

[1] For instance, in Overnite Transportation Co. v. Tianti, 926 F.2d 220 (2d Cir. 1991), the Second Circuit upheld the district court's ruling that Connecticut wage laws may apply to employees who meet one of the FLSA's exemptions. Id. at 222. The court did not, however, address the issue of an opt-out class and an opt-in collective action co-existing in the same litigation. See also Bolduc v. National Semiconductor Corp., 35 F. Supp. 2d 106, 117 (D. Me. 1998) (holding only that, while the FLSA does not preempt Maine's overtime laws, double recovery under state and federal laws for enforcing the same right is prohibited).

3

legally incompatible with FLSA § 216(b)); Otto v. Pocono Health Sys., 457 F. Supp. 2d 522 (M.D. Pa. 2006) (same); Himmelman v. Continental Casualty Co., No. 06-166 (GEB), 2006 WL 2347873 at *2 (D.N.J. August 11, 2006) (same); Aquilino v. Home Depot U.S.A., Inc., No. 04-4100 (PGS), 2006 WL 2023539 at *3 (D.N.J. July 18, 2006) ("The Congressional intent for an opt-in procedure pursuant to FLSA . . . 'would largely be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties' pursuant to an exercise of supplemental jurisdiction."); Trezvant v. Fidelity Employer Services Corp., 434 F. Supp. 2d 40, 57-58 (D. Mass. 2006) ("[U]nder the provisions of the Fair Labor Act [sic], even if [the state claim was viable], this claim could not be brought as a Rule 23 class action."); Moeck v. Gray Supply Corp., No. 03-1950 (WGB), 2006 WL 42368 at *5 (D.N.J. Jan. 6, 2006) ("Allowing Plaintiff . . . to circumvent the opt-in requirement . . . would undermine Congress's intent to limit these types of claims to collective actions."); see also Glewwe v. Eastman Kodak Co., No. 05-6462T, 2006 WL 1455476 at *4 (W.D.N.Y. May 25, 2006) (declining to extend supplemental jurisdiction where "the state claims would present complex issues of the state law").

Plaintiff does not even attempt to distinguish a single one of these cases. Instead, Plaintiff cites to the state laws of Massachusetts, New Jersey and New York, and professes, without a single supporting citation, that "[t]o prevent these [state] claims from being asserted would deny employees in these states the substantive rights granted to them by their respective state legislatures." Pl. Opp. at 7.[2] However, federal district courts in each of those jurisdictions, – Massachusetts, New Jersey and New York – considering the wage claims of individuals under

---

[2] To the contrary, by dismissing Plaintiff's Rule 23 state law class claims, the Court would actually be allowing any individual plaintiff to file a lawsuit for overtime in the state court for the state in which they worked. This would provide the individuals with a forum familiar with the provisions of the specific state's wage laws and, unlike here, allow them to be represented by attorneys from that jurisdiction who regularly prosecute claims under the applicable laws.

the exact state statutes Plaintiff cites, have *not* permitted state law class actions to proceed in the same lawsuits with collective actions.  See, e.g., Herring, 2006 WL 2347875 at *2 (New Jersey); Trezvant, 434 F. Supp. 2d at 57-58 (Massachusetts); Glewwe, 2006 WL 1455476 at *4 (New York).

Accordingly, Plaintiff provides no legal precedent, nor any other support, for why he should be allowed to proceed with a § 216(b) collective action and a Rule 23 class action simultaneously in this case, nor why doing so would not violate the REA.  The case law and legislative history are clear that the two simply may not properly co-exist in one lawsuit.  As a result, Counts 4 and 5 of Plaintiff's Amended Complaint should be dismissed.

**II.   REGARDLESS OF WHETHER THEY ARE APPROPRIATE PROCEDURALLY, PLAINTIFF'S STATE LAW CLASS CLAIMS SHOULD BE DISMISSED BECAUSE HE IS AN INADEQUATE CLASS REPRESENTATIVE AND BECAUSE A CLASS ACTION IS NOT A SUPERIOR METHOD FOR RESOLVING THESE CLAIMS.**

The only argument Plaintiff puts forward for opposing Defendant's motion regarding his class claims is his erroneous contention that the motion is premature.  In fact, however, Defendant's motion to strike is timely, and should be granted for the reasons below.

### A.   Defendant's Motion To Strike Is Not Premature.

Where it is apparent from the face of a complaint that class action allegations cannot survive as a matter of law, the class action allegations should be dismissed or stricken.  See Clark v. McDonald's Corp., 213 F.R.D. 198, 203 n.3 (D.N.J. 2003) (striking class claims prior to discovery), citing Miller v. Motorola, Inc., 76 F.R.D. 516 (N.D. Ill. 1977); Gen. Tel. Co. of Southwest v. Falcon, 457 U.S. 147 (1982); Illinois v. Climatemp, Inc., 91 F.R.D. 252 (N.D. Ill. 1981).

Plaintiff argues that Defendant's motion regarding his Rule 23 class claims is "nothing more than a back-door attempt to oppose class certification before Plaintiff has had an

5

opportunity to pursue discovery on class certification issues or to file a motion for class certification." Pl. Opp. at 8.  As explained in Defendant's opening brief, however, it is appropriate at this point in the litigation to strike Plaintiff's Rule 23 class action claims – a defendant need not wait for a plaintiff to move for class certification where, as here, those class allegations cannot proceed as a matter of law.  See, e.g., Fedotov v. Peter T. Roach and Assocs., P.C., 354 F. Supp. 2d 471, 478 (S.D.N.Y. 2005); Thompson v. Merck & Co., Inc., 2004 WL 62710, *2 (E.D. Pa. Jan. 6, 2004); Clark, 213 F.R.D. at 203 n.3; Caputo v. Fauver, 800 F. Supp. 168, 169-70 (D.N.J. 1992).

Additionally, although Plaintiff claims that it would be premature for the Court to strike his state law overtime class action claims because no discovery has taken place, he does not explain what additional discovery could possibly impact **this** motion and the specific arguments Defendant has made.[3]  Indeed, Plaintiff knows exactly what he did that renders him an inadequate class representative, and it is a matter of law, not fact, that a class action is not a superior method for proceeding on the claims in this case.  Accordingly, other than a general protestation that he requires more discovery, Plaintiff proffers no reason to deny the motion.  As a result, Plaintiff's Rule 23 class action claims should be dismissed.

> **B.     Plaintiff Is An Inadequate Class Representative And A Class Action Is Not Superior To Other Available Methods Of Adjudicating The Claims In This Case.**
>
>   **1.     Plaintiff Is An Inadequate Class Representative.**

Plaintiff claims that he cannot respond to Defendant's argument regarding his adequacy

---

[3] Indeed, Plaintiff has already taken discovery into class-based issues.  Plaintiff deposed Defendant's Auto Claims Manager, James Gallagher, regarding the putative class members' job duties.  Plaintiff also deposed a Human Resources Generalist for Defendant, Isabelle Frost, regarding Defendant's classification of the putative class members as being exempt from the FLSA and regarding Defendant's good faith efforts to comply with the FLSA in regard to the putative class.

as a class representative because he has not been able to take any "class-wide discovery." Pl. Opp. at 9. This is an odd argument because class-wide discovery is irrelevant to this point and Plaintiff himself admitted engaging in the conduct that renders him an inadequate class representative. Plaintiff, therefore, does not identify a single area of inquiry that would shed further light on this issue.[4]

As set out in Defendant's opening brief, Plaintiff is an inadequate class representative because he has a history of dishonest behavior and because he has put his own interests ahead of the interests of the absent class members. Def.'s Brf. at 16-19. Plaintiff does not deny his conduct or the facts. Instead, he claims only that he did not fully understand his duties when he solicited an individual settlement in exchange for dropping the class's claims. Pl. Opp. at 9. Plaintiff now claims to have seen the light – in other words, that while he was not an adequate class representative before, it is his opinion that he can be now. Id.

Plaintiff's argument is without merit for several reasons. First, Plaintiff does not even address his track record of dishonesty which exists as an independent basis for striking his class claims. Plaintiff's employment with Defendant was terminated for dishonesty, as the Connecticut Department of Labor subsequently substantiated – "Deliberately covering up an error takes an employee's conduct beyond the realm of good faith error because it represents dishonesty and results in a loss of trust." See Bd. of Rvw. Dec. at 4 (Ex. B to Gonell Affidavit submitted with Defendant's moving papers); Def.'s Brf. at 16. There is no indication that

---

[4] Plaintiff argues that he is "not yet in a position to respond completely to Defendant's adequacy argument" because it is based upon the "incomplete" deposition of Plaintiff. Pl. Opp. at 9. On December 13, 2006, however, Defendant noticed the continuation of Plaintiff's deposition for January 4, 2007. Weeks later, Plaintiff's counsel contacted defense counsel and informed her that he had made the unilateral decision that Plaintiff would not be appearing on January 4. Plaintiff's counsel offered no additional dates at that time, stating only that Plaintiff would appear on a weekend at some point in the future. Thus, Plaintiff's own delay has enabled him to argue that he cannot respond to this motion because his deposition was not complete.

Plaintiff yet appreciates the gravity of his dishonest statements, and a class representative's truthfulness must be considered when determining adequacy. See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998). Second, the example he provides of his new commitment to serving the interests of the class is that he has "reject[ed] Defendant's overtures to settle his individual claims." Id. Putting aside the confidentiality rules concerning settlement discussions, Defendant has not made any offers to settle only Plaintiff's individual claims. Thus, it is not known how he would respond to such an offer and he has certainly not rejected any. Even if Plaintiff's statement were true, however, Plaintiff's admitted use of class claims to leverage an individual settlement clearly makes Plaintiff an inadequate class representative. See Diaz v. Trust Territory of Pacific Islands, 876 F.2d 1401, 1409 (9th Cir. 1989).

Third, Plaintiff's continued overall approach to this case demonstrates that he has only his own interests at heart. In his Amended Complaint, Neary sets out his individual claims as separate counts from the claims of the putative class – focusing the case first on his individual claim and, in the alternative, the class claims. See Amended Complaint ¶¶ 20-25; Pl. Opp. p. 2. Thus, rather than proceeding solely as a representative of putative plaintiffs, he continues to plead his own individual claim as an alternative. Fourth, Plaintiff's desire to improperly adjudicate the FLSA claims of absentee plaintiffs who have not opted-in to the collective action, but who have not opted-out of the Rule 23 action, illustrates his patent disregard for the rights and desires of the absentee plaintiffs. Plaintiff may now, in words, claim to better understand his duties as a class representative, but his continued actions continue to speak much louder, and confirm that he is an inadequate representative.

> **2. A Class Action Is Not The Superior Manner In Which To Adjudicate The State Law Overtime Claims.**

In its moving papers, Defendant demonstrated that an opt-out class action was not the

superior method for adjudicating the state law overtime claims for the following reasons: (1) an individualized factual inquiry would be required for each putative class member's claims; (2) the differences in the laws of the more than twenty states' laws implicated by the class claims; and (3) the Congressionally approved opt-in method under the FLSA has already been determined to be superior by several courts. Def.'s Brf. at 20-24. Plaintiff does not even attempt to address Defendant's arguments – claiming only that he "does not yet know in what states putative class members worked, or how many worked in each state" and as a result he "lacks information necessary to begin to address" the issue. Pl. Opp. at 9. The Court need not wait, however, for the parties to engage in discovery before determining that a class action is inappropriate here, because no amount of discovery will make Rule 23's opt-out process superior to the congressionally-chosen opt-in procedure of § 216(b) – no matter how many state laws could eventually be implicated in this action. See Leuthold v. Destination America, Inc., 224 F.R.D. 462, 469-70 (N.D. Cal. 2004) (alternative of prosecuting state law overtime claims as part of an opt-in collective action under the FLSA "undercuts all the Rule 23(b)(3) superiority factors"); McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004) (to certify an opt-out class for state law overtime claims "would undermine Congress's intent to limit these types of claims to collective actions.").[5]

In addition to the superiority of the collective action device, permitting Plaintiff to pursue his individual state law claim would also be superior to a Rule 23 class action. General Tel. Con. v. Falcon, 457 U.S. 147, 155 (1982) (recognizing that class actions represent "an exception to the usual rule that litigation is conducted by and on behalf of individual parties") (emphasis added).

---

[5] Significantly, Plaintiff does not identify a single fact that could be developed through discovery that could make a Rule 23 opt-out class action superior to the opt-in procedure of § 216(b) – nor could he.

Indeed, by bringing his individual claim as a separate count from the class claims in the Amended Complaint, Plaintiff acknowledges that litigating his state claim on an individual basis is a viable approach. In fact, as set forth in Defendant's opening brief, and as Plaintiff concedes, a class action in the context of this case would be more complicated and unmanageable than proceeding individually on the state law claims. Def.'s Brf. at 22-23; see also Pl. Opp. at 7 (citing variances among the state wage laws in New Jersey, Massachusetts and New York).

As set forth in Defendant's moving papers, Plaintiff must be able to demonstrate that a Rule 23 class action is not just a superior, but *the* superior method for adjudicating his claims. Here, both a collective action under the FLSA, or an individual action, are superior. Plaintiff has presented no facts, and has failed to even advance an argument, to meet his burden. Accordingly, Plaintiff's class allegations should be stricken.

## CONCLUSION

For all of the foregoing reasons, and those set forth in its opening brief, Defendant respectfully requests that the Court dismiss the Fourth and Fifth Counts in Plaintiff's Amended Complaint in their entirety, and/or strike all state law class allegations from the Complaint.

.

Dated: January 16, 2007                                   Respectfully submitted,

                                            By:   /s/ Stacy Smith Walsh
                                            Victoria Woodin Chavey (ct14242)
        Stacy Smith Walsh (ct25252)
        Day Pitney LLP
        City Place I
        Hartford, CT 06103
        (860) 275-0467
        (860) 275-0343 (facsimile)
        vwchavey@daypitney.com
        sswalsh@daypitney.com

        Christopher A. Parlo (CT 04700)
        Carrie A. Gonell (CT 24336)
        Morgan, Lewis & Bockius LLP
        101 Park Avenue
        New York, N.Y.  10178
        (212) 309-6062
        (212) 309-6001 (facsimile)
        cparlo@morganlewis.com

        Counsel for Defendant Metropolitan
        Property and Casualty Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on **January 16, 2007**, a copy of the foregoing Defendant's Reply Brief **In Support Of Its Motion To Dismiss And To Strike Fed. R. Civ. P. 23 Class Allegations** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            By /s/ Stacy Smith Walsh
        Stacy Smith Walsh (ct25252)
        Day Pitney LLP
        CityPlace I
        Hartford, CT  06103-3499
        (860) 275-0100
        Fax:  (860) 275-0343
        sswalsh@daypitney.com