UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

James Neary, individually and      :
on behalf of other similarly       :
situated individuals,              :
     Plaintiffs,                   :
                                   :   Case No. 3:06cv536 (JBA)
v.                                 :
                                   :
Metropolitan Property and          :
Casualty Insurance Company,        :
     Defendant.                    :

**RULING ON DEFENDANT'S MOTION TO DISMISS AND TO STRIKE CLASS ALLEGATIONS [DOCS. ## 25, 29] AND DEFENDANT'S MOTION FOR PERMISSION TO FILE NEW SUPPLEMENTAL FACTS [DOC. # 46]**

Plaintiff James Neary initiated this action on behalf of himself and other similarly situated individuals, "i.e., Field Adjusters, Field Appraisers, and/or Outside Adjusters," against his employer, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), alleging failure to pay overtime compensation and asserting an individual claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Count 1), a collective action for violation of the FLSA (Count 2), an individual claim for violation of Connecticut's wage and hour statute, Conn. Gen. Stat. § 31-58, et seq. (Count 3), a class action claim under Fed. R. Civ. P. 23(b)(3) for violation of state wage and hour laws "in each state in which each [p]laintiff worked" (Count 4), and a class action claim under Fed. R. Civ. P. 23(b)(1) for violation of state wage and hour laws "of the various states in which [p]laintiffs worked" (Count 5).  See Am.

1

Compl. [Doc. # 5].

Defendant now moves to dismiss Counts Four and Five of the Amended Complaint and to strike plaintiff's Fed. R. Civ. P. 23 class allegations, contending that plaintiff's opt-out state law claims "irreconcilably conflict with federal law [and] [a]s a result, these claims are barred by the Rules Enabling Act, 28 U.S.C. § 2072(b)" as "Section 216(b) of the FLSA expressly limits the scope of representative lawsuits seeking overtime pay by requiring putative class members to affirmatively opt-in to the action," and also arguing "the Court should strike [p]laintiff's state law class claims because [p]laintiff cannot meet the adequacy and superiority requirements of Rule 23." Def. Mot. [Doc. # 25/29]; Def. Mem. [Doc. # 26] at 1-2.[1] For the reasons that follow, defendant's Motion to Dismiss will be granted, and its Motion to Strike will be denied as moot.

I.  **Factual and Procedural Background**

The allegations of the Amended Complaint, which the Court must accept as true at this stage, reveal the following facts. At all times relevant to this action, plaintiff was a field

---

[1] After the briefing on defendant's Motion to Dismiss/Strike concluded, defendant filed a Motion for Permission to File New Supplemental Facts [Doc. # 46], seeking to supplement the record concerning plaintiff's adequacy as a class representative with excerpts from the transcript of plaintiff's continued deposition on January 22, 2007. As this deposition had not taken place at the time of initial briefing, the Court will grant defendant's Motion for Permission to File New Supplemental Facts.

2

adjuster in the defendant's Rocky Hill, Connecticut Field Claim Office. Am. Compl. ¶ 2. Defendant Metropolitan "has been in the business of insuring automobiles and drivers throughout the United States" and transacts business in all fifty states, including Connecticut. Id. ¶ 7. "During various times between April 6, 2003 and the present, [d]efendant, pursuant to a common policy and/or practice, designated [p]laintiff and other similarly situated individuals . . . as 'exempt,' i.e., not entitled to overtime premium pay, when he and/or they should have been designated as 'non-exempt,' i.e., entitled to overtime premium pay, in accordance with the Fair Labor Standards Act (FLSA) and the wage and hour laws of the various states in which [p]laintiffs performed work for [d]efendant." Id. ¶ 15. Plaintiff claims that during these times, Metropolitan was fully aware of the duties and responsibilities assigned to the plaintiffs, and of the law regarding payment of overtime, and therefore knew or should have known that plaintiffs were "illegally designated as exempt." Id. ¶¶ 16-17. Plaintiff alleges that "[d]espite this knowledge [d]efendant willfully, and/or negligently, failed and refused to correct its illegal exempt classification of these employees and instead continued to deny [p]laintiffs overtime premium pay" when they worked more than 40 hours per week. Id. ¶¶ 18-19.

Plaintiff alleges that he and "the putative class" are

"similarly situated in that they are all subject to [d]efendant's common plan or practice of designating their work as automobile appraisers as exempt work when in fact it is non-exempt work under the law." Id. ¶ 11. As to the "claims for money damages, pursuant to Conn. Gen. Stat. § 31-58 et seq. and the wage and hours laws of the various states in which class members worked," plaintiff sues on behalf of himself and all members of the putative class, and contends that class certification for these state law claims is appropriate under Fed. R. Civ. P. 23(a) and 23(b)(3), alleging, inter alia, that "[u]pon information and belief, there are hundreds of Field Adjusters, Field Appraisers and/or Outside Adjusters who have worked for [d]efendant around the country." Id. ¶ 12.

**II. Motion to Dismiss**

As noted above, defendant contends that plaintiff's class action claims, Counts 4 and 5, should be dismissed pursuant to the Rules Enabling Act, 28 U.S.C. § 2072(b), on the basis that the class action procedures in Rule 23 irreconcilably conflict with Section 216(b) of the FLSA which expressly limits the scope of representative lawsuits seeking overtime pay to individuals who affirmative opt-in to the action. As another court in this District has described, "[t]here is a fundamental irreconcilable difference between the class action described by Rule 23 and that provided by for FLSA § 16(b)," specifically, "[i]n a Rule 23

4

proceeding a class action is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under § 16(b) of the FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent." Vogel v. American Kiosk Mgmt., 371 F. Supp. 2d 122, 127 (D. Conn. 2005) (Hall, J.).

Although the Court agrees with the result urged by defendant, it disagrees with its analysis. The Rules Enabling Act, 28 U.S.C. § 2072(b) provides:

- (a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
- (b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

While the cases cited by defendant do not explicitly reference this statute, some do appear to rely on the conflict between the opt-in requirement of § 216(b) of the FLSA, and the opt-out scheme utilized in class actions maintained under Rule 23. These cases refer to the Congressional purpose in creating the opt-in procedure in the FLSA "for the purpose of limiting private FLSA

5

plaintiffs to employees who asserted claim[s] in their own right and freeing employers from the burden of representative actions" and find that "[t]o allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." See Otto v. Pocono Health Sys., 457 F. Supp. 2d 522, 523-24 (M.D. Pa. 2006) (granting motion to dismiss state law class claim); Himmelman v. Cont'l Casualty Co., No. Civ. 06-166 (GEB), 2006 WL 2347873, at *2 (D.N.J. Aug. 11, 2006) (striking class action allegations, finding the FLSA collective action and Rule 23 class action "schemes . . . inherently incompatible," and stating, "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions"); Moeck v. Gray Supply Corp., No. 03cv1950 (WGB), 2006 WL 42368, at *5 (D.N.J. Jan. 6, 2006) (finding plaintiff's claim under the New Jersey Wage and Hour Law unsuitable for class action treatment, observing that "[a]llowing [p]laintiff Moeck to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions").

As noted above, these decisions do not actually reference the Rules Enabling Act, and the Second Circuit has explicitly held that the FLSA does not preempt state wage and hour statutes, see Overnite Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991) (affirming the district court's conclusion that the FLSA does not preempt Connecticut's overtime wage law), and therefore the better reasoned course is to dismiss class action claims grounded in state wage and hour laws in the context of a FLSA action by declining to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, it cannot be disputed that the class claims for violations of state wage and hour laws are sufficiently related to the FLSA claims that they form part of the same case or controversy, inasmuch as all of the claims relate to defendant's allegedly unlawful practice of designating plaintiff and other similarly situated individuals as "exempt" from overtime compensation. However, Section 1367(c) provides, inter alia:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection

>     (a) if--
> 
>     (1)   the claim raises a novel or complex issue of State
>           law,
>     (2)   the claim substantially predominates over the
>           claim or claims over which the district court has
>           original jurisdiction . . .

Other courts have held that where state wage and hour class action claims are asserted in an action in federal court on the basis of FLSA claims asserted, it may be appropriate to decline supplemental jurisdiction over the state law class claims where, as here, those claims are brought under numerous states' statutes and/or they involve novel or complex issues of state law.

In <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d 301 (3d Cir. 2003), the Third Circuit reversed the district court's grant of class certification of claims for violations of the Pennsylvania Wage Payment and Collection Law ("WPCL") and held that the district court should not have exercised supplemental jurisdiction over such claims, finding that "the sheer difference in numbers [of plaintiffs] between the two prospective classes . . . may constitute substantial predomination by the State WPCL action under section 1367," observing that "[o]pt-out classes have numbered in the millions," and concluding that although "[p]redomination under section 1367 generally goes to the type of claim, not the number of parties involved," "the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial

degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." Id. at 309-311 (also identifying novel legal questions concerning the Pennsylvania WPCL not yet considered by Pennsylvania state courts). Similarly, in Acquilino v. Home Depot U.S.A., Inc., No. 04cv4100 (PGS), 2006 WL 2023539 (D.N.J. July 18, 2006), and Glewwe v. Eastman Kodak Co., No. 05cv6462T, 2006 WL 1455476 (W.D.N.Y. May 25, 2006), the courts declined to exercise supplemental jurisdiction in circumstances where the class action sought to redress alleged violations of numerous states' wage and hour laws, finding, inter alia, "considering the number of state laws involved . . ., it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim. Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide," Glewwe, 2006 WL 1455476, at *4. Accord Acquilino, 2006 WL 2023539, at *3 (noting, "[t]he mere fact that plaintiffs request 25 separate subclasses in as many states to handle state law questions is compelling evidence that there is no commonality of facts, and that state law is predominant," and finding that "[s]ince the Third Circuit [in De Ascencio] ruled that state law predominated where only one state statutory scheme was in play, certainly when, as here, 25 separate state statutory schemes . . . are at

9

issue, this Court must conclude that the state issues are predominant"); see also, e.g., Roe-Midgett v. CC Servs., Inc., No. 04cv4051 (DRH), 2006 WL 726252, at *2 (S.D. Ill. Mar. 16, 2006) (remanding state wage and hour claims, finding that those claims "substantially predominate over the FLSA claims as there is a disparity of number of similarly situated plaintiffs between the FLSA claims and the [state] claims"); De Luna-Guerrero v. The North Carolina Grower's Assoc., Inc., 338 F. Supp. 2d 649, 652-53 (E.D.N.C. 2004) (declining supplemental jurisdiction over North Carolina Wage and Hour Act claims, noting the size of any potential state law class, the request for three different subclasses, and the potential for confusion of plaintiffs, "confounded by the fact that the collective action under the FLSA is an 'opt-in' class while the proposed class action under Rule 23 is an 'opt-out' class," and observing that "judicial efficiency will be better promoted by dismissal of the state law claims for lack of jurisdiction," noting "[p]laintiffs are free to pursue their state law claims, including potential class claims, in the state courts").[2]

---

[2] Plaintiff cites several cases in support of the proposition that "courts within the Second Circuit routinely permit both FLSA collective actions and state law class actions to proceed simultaneously." Pl. Opp. at 5. While those opinions do involve certification of simultaneous FLSA collective actions and state law class actions under Rule 23, they do not address the issues of supplemental jurisdiction and potential predominance of state law and, moreover, each involves class claims asserting violation of only one state's wage and hour law.

Here, the allegations in plaintiff's Amended Complaint related to the state class claims aver that defendant "transacts business in all fifty states," Am. Compl. ¶ 7, and that there are "hundreds" of potential plaintiffs "who have worked for [d]efendant around the country," id. ¶ 12, and plaintiff claims violations "of the wage and hour laws in each state in which each [p]laintiff worked," id. ¶¶ 24, 25 (emphasis added). Thus, even more problematic than the situation in De Asencio, the proposed class in this case involves not just one state's wage and hour statute in addition to FLSA claims, but potentially involves claimed violations of fifty states' wage and hour statutes, each with potential novelties, as identified with respect to the Pennsylvania statute addressed in De Asencio, and complexities, as illustrated by defendant's reference to the New York statutory scheme which allows class actions only where the statute at issue specifically authorizes them, see N.Y. C.P.L.R. § 901(b), which

---

See Torres v. Gristede's Operating Group, No. 04civ3316 (PAC), 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) (certifying FLSA collective action and class action for violation of New York Labor Law without discussing potential supplemental jurisdiction issue); Mendez v. Radec Corp., 411 F. Supp. 2d 347 (W.D.N.Y. 2006) (same); Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) (granting motion to proceed as collective action under FLSA and certifying Rule 23 class action for violation of New York Minimum Wage Act without discussing supplemental jurisdiction issue); Jankowski v. Castaldi, No. 01cv164 (SJF) (KAM), 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) (same); Scott v. Aetna Services, Inc., 210 F.R.D. 261 (D. Conn. 2002) (Droney, J.) (certifying FLSA collective action and Rule 23 class action for alleged violation of Connecticut Minimum Wage Act without discussing supplemental jurisdiction issue).

11

the New York Labor Law does not.[3]  Accordingly, the Court finds that, given the broad range of state wage and hour statutes and issues implicated, such matters would "substantially predominate," in addition to potentially raising "novel or complex" questions of state law, and thus it declines to exercise supplemental jurisdiction over the state class action claims, Counts 4 and 5, and those claims will be dismissed.  Plaintiff and other putative class members remain free to pursue class claims for violation of their respective state's wage and hour laws in their respective state courts.

**III. Motion to Strike**

The Court having dismissed plaintiff's Rule 23 class action claims asserting violations of state wage and hour laws, defendant's Motion to Strike is moot.  The Court will direct

---

[3] The Court's research has uncovered a handful of cases in which federal courts opted to exercise supplemental jurisdiction over class action claims alleging violation of state wage and hour laws, but each of those cases involved the wage and hour laws of only one state, rather than the multiplicity of state laws involved here, thus influencing the predominance assessment. See Goldman v. Radioshack Corp., No. 03cv32, 2003 WL 21250571, at *2-5 (E.D. Pa. Apr. 16, 2003) (exercising supplemental jurisdiction over class claim for violation of Pennsylvania wage and hour statute, citing efficiency concerns); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 89-90 (S.D.N.Y. 2001) (exercising supplemental jurisdiction over class New York state minimum wage claims); Beltran-Benitez v. Sea Safari, Ltd., 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) (exercising supplemental jurisdiction over class claim for violation of North Carolina wage and hour law, finding the conflict between the FLSA opt-in scheme and the Rule 23 opt-out scheme insufficient to support declining to exercise jurisdiction).

plaintiff to file an amended complaint including only allegations relevant to the remaining counts within 14 calendar days.

## IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss [Doc. # 25] is GRANTED and its Motion to Strike [Doc. # 29] is DENIED as moot. Defendant's Motion for Permission to File New Supplemental Facts [Doc. # 46] is also GRANTED, see supra note 1.

Plaintiff is directed to file an amended pleading containing only allegations relevant to the remaining counts by **February 22, 2007.**

                                      IT IS SO ORDERED.

                                  /s/
                            Janet Bond Arterton
                            United States District Judge

**Dated at New Haven, Connecticut this 8th day of February, 2007.**