1  Richard E. Hayber, Esq.
   The Hayber Law Firm, LLC
2  221 Main Street, Suite 400
   Hartford, CT  06106
3  (860) 522-8888
   (860) 240-7945 (facsimile)
4
   Anthony J. Pantuso, III, Esq.
5  The Pantuso Law Firm, LLC
   204 Broad Street, 2nd Floor
6  Milford, CT  06460
   (203) 876-0000
7  (203) 877-1839 (facsimile)

8  Attorneys for Plaintiff

9  Victoria Woodin Chavey (CT 14242)
   Stacy Smith Walsh (CT 25252)
10 Day Pitney LLP
   242 Trumbull Street
11 Hartford, CT  06103-1212
   (860) 275-0467
12 (860) 275-0343 (facsimile)

13 Christopher A. Parlo (CT 04700)
   Carrie A. Gonell (CT 24336 )
14 101 Park Avenue
   New York, NY  10178
15 (212) 309-6000
   (212) 309-6001 (facsimile)
16
   Attorneys for Defendant
17 METROPOLITAN PROPERTY AND CASUALTY
   INSURANCE COMPANY

18

19              **UNITED STATES DISTRICT COURT**
                **DISTRICT OF CONNECTICUT**
20

21 ------------------------------------------------ X
   JAMES NEARY, individually and               :
22 on behalf of other similarly situated        :
   individuals,                                 :
23                          Plaintiff,          :
            v.                                  :
24                                              :   Case No. 3:06 CV 0536 (JBA)(JGM)
   METROPOLITAN PROPERTY AND                    :
25 CASUALTY INSURANCE COMPANY,                  :
                                                :
26                                              :
                                                :
27                       Defendant.             :
   ------------------------------------------------ X

28

-1-

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Joint Stipulation and Agreement of Settlement (hereinafter "Settlement Agreement") is made and entered into by and between the following parties: Plaintiff JAMES NEARY ("Neary"), individually and on behalf of all others who have opted into this litigation, and Defendant METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY ("MP&C"), and their respective counsel of record, subject to the terms and conditions hereof and the approval of the Court.

1.     Definitions

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Automobile Appraiser" shall mean all Persons employed by MP&C as Associate Appraiser–Auto, Appraiser–Auto, or Senior Appraiser-Auto, and who are either: (a) identified on the list attached as Exhibit A; or (b) the Settlement Class Plaintiff.

1.2     "Claims Administrator" means the third-party claims administration firm of The Garden City Group, Inc.

1.3     "Court" means the United States District Court for the District of Connecticut.

1.4     "Defendant's Counsel" are Christopher A. Parlo and Carrie A. Gonell of Morgan, Lewis & Bockius LLP and Victoria Woodin Chavey of Day Pitney LLP.

1.5     The Settlement embodied in this Settlement Agreement shall become effective on the "Effective Date", which shall be the first date following: (a) the execution of this Settlement Agreement by all counsel; (b) the Final Approval Date by the Court approving this Settlement, and (c) the expiration of the time for filing an appeal from the Final Approval Order and the resolution of any appeals in their entirety, upholding the Settlement Agreement.  Notwithstanding the foregoing:  (a) the agreement of the Settling Parties to maintain the terms of their Settlement as confidential has been in effect since on or about May 15, 2008, and will remain in effect through and after the Effective Date;

1   and (b) any proceeding or order, or any appeal or petition for a writ pertaining solely to the

2   award of Plaintiffs' Counsel's attorneys' fees shall not, by itself, in any way delay or

3   preclude the Final Approval Order from becoming effective.

4        1.6    "Final Approval Order" shall mean an order to be entered and filed

5   by the Court which finally approves this Settlement Agreement, in a form substantially

6   similar to the "Final Approval Order and Judgment Approving Settlement" attached hereto

7   as Exhibit B.

8        1.7    "Final Approval Date" means the date the Final Approval Order is

9   entered and dismissing this action with prejudice in accordance with the terms herein.

10       1.8    "Last Known Address" or "Last Known Addresses" means the most

11  recently recorded mailing address for a Settlement Class Member as identified by

12  Plaintiffs' Counsel on the list they used for mailing the Notice, as required in Paragraph

13  3.5.1.

14       1.9    The "Litigation" or the "Lawsuit" or the "Action" shall mean the

15  lawsuit entitled   JAMES NEARY, individually and on behalf of other similarly situated

16  individuals, Plaintiffs, v. METROPOLITAN PROPERTY AND CASUALTY INSURANCE

17  COMPANY, Defendant, United States District Court for the District of Connecticut, Case

18  No. 3:06 CV 0536 (JBA)(JGM).

19       1.10   "Maximum Settlement Amount" shall mean the maximum amount

20  that MP&C shall pay under the terms of this Settlement Agreement, which is

21  $1,500,000.00.  The specific maximum components of this Maximum Settlement Amount

22  are: (a) payments to Participating Claimants, which shall be in the maximum amount of

23  $1,025,000.00; (b) Plaintiffs' Counsel's attorney fees and costs, which shall be in the

24  maximum amount of $375,000.00; and (c) Settlement Class Plaintiff's Settlement Share

25  ($39,325.00), an additional incentive payment in the amount of $10,000.00 and an

26  additional payment for other claims associated with his employment with, and separation

27  from, MP&C which shall be in the amount of $50,675.00 as provided in Paragraph 3.9.4

28  below.

1      1.11    "MP&C" means Metropolitan Property and Casualty Insurance

2 Company, a Rhode Island corporation and the defendant in the Litigation.

3      1.12    "MP&C Releasees" means MP&C, each of its affiliates, parents,

4 subsidiaries, predecessors, successors, divisions, insurers, joint ventures and assigns,

5 and each of these entities' past or present directors, officers, managers, employees,

6 partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders,

7 attorneys and personal or legal representatives.

8      1.13    The "Notice Mailing Deadline" shall be the date seven (7) days after

9 the Preliminary Approval Date.

10      1.14    "Settlement Class Notice" or "Notice" means a notice entitled

11 "Settlement Class Notice" to be approved by the Court, and attached hereto as Exhibit C.

12      1.15    The "Notice Response Deadline" shall be the date twenty-one (21)

13 days after the Notice is first mailed to the Settlement Class Members by Plaintiffs'

14 Counsel.

15      1.16    "Participating Claimant" or "Participating Claimants" means each

16 Member of the Settlement Class who does not send a timely opt out letter to the Court by

17 the Notice Response Deadline set forth in Paragraph 3.6.1.

18      1.17    "Person" means a natural person.

19      1.18    "Plaintiffs' Counsel" are Richard E. Hayber of The Hayber Law Firm,

20 LLC and Anthony J. Pantuso of The Pantuso Law Firm, LLC.

21      1.19    "Preliminary Approval Date" shall mean the date on which the Court

22 enters the Preliminary Approval Order (which is expected to be on or about August __,

23 2008).

24      1.20    "Preliminary Approval Order" or "Order Granting Preliminary

25 Approval for the Settlement and Setting a Settlement Hearing" shall mean an order to be

26 executed and filed by the Court, which preliminarily approves this Settlement Agreement,

27 in a form substantially similar to the "Order Granting Preliminary Approval of Settlement"

28 attached hereto as Exhibit D.

1.21    "Settlement Agreement" means this agreement and exhibits hereto, which the Settling Parties understand and agree set forth all material terms and conditions of the settlement between them, and which is subject to Court approval.

1.22    "Settlement Class" means the collective group of those individuals who were employed by Metropolitan Property and Casualty Insurance Company ("MP&C") as an Automobile Appraiser in the United States during the Settlement Class Period who have filed with the Court consent forms to join this litigation and who have not withdrawn their consent, and who are identified on the list attached as Exhibit A.

1.23    "Settlement Class Member" or "Member of the Settlement Class" means a Person who is a member of the Settlement Class.

1.24    "Settlement Class Period" means the period from and including April 16, 2003, through the Final Approval Order.

1.25    "Settlement Class Plaintiff" is Plaintiff James Neary.

1.26    "Settlement Hearing" or "Fairness Hearing" means a hearing set by the Court to take place on or about September 17, 2008 for the purpose of determining the fairness, adequacy and reasonableness of this settlement agreement and issuing a Final Approval Order.

1.27    "Settlement Share" means the total, gross amount due to an individual Participating Claimant.    Each Participating Claimant's share of the $1,025,000.00 to be paid to Participating Claimants shall be proportionately based upon each Participating Claimant's individual salary and the amount of weeks worked between April 6, 2003 and the Preliminary Approval Date.    A list of the Settlement Shares of each Participating Claimant is attached hereto as Exhibit A.

1.28    "Settling Parties" or "Parties" means MP&C and the Settlement Class Plaintiff on behalf of himself and all Members of the Settlement Class.

2.    Background and Information

2.1    On or about April 6, 2006, the Settlement Class Plaintiff brought this action, seeking to recover unpaid overtime both individually and on behalf of all other

similarly situated persons, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.2    The Settlement Class Plaintiff also brought an individual claim under the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* ("CMWA").

2.3    MP&C denies any liability or wrongdoing of any kind associated with the claims alleged in this action.    MP&C contends, among other things, that it has complied at all times with the FLSA and CMWA, and that the positions of Associate Appraiser-Auto, Appraiser-Auto and Senior Appraiser-Auto at all times have been classified properly under the FLSA and CMWA.

2.4    On February 9, 2007, this Court granted MP&C's Motion to Dismiss, in part dismissing Settlement Class Plaintiff's Rule 23 class claims.

2.5    On September 27, 2007, this Court denied MP&C's Motion for Summary Judgment and granted Settlement Class Plaintiff's Motion to Proceed as a Collective Action.

2.6    On May 29, 2006, the Settling Parties entered into a stipulation tolling all statutes of limitations in this matter.    This tolling period subsequently was extended by agreement and/or by order of the Court to include the period from May 29, 2006 through September 27, 2007.

2.7    On November 15, 2007, notice in a form approved by the Court was sent to all similarly situated individuals, pursuant to the Court's Order of September 27, 2007.

2.8    Forty-nine (49) persons filed consent forms to participate in this litigation.

2.9    Two (2) persons withdrew their consent to participate in this litigation.    A complete listing of the people who filed with the Court consent forms to join this litigation and who have not withdrawn them is attached as Exhibit A to this Settlement Agreement.

2.10    It is the desire of the Settling Parties fully, finally, and forever to settle, compromise, and discharge all disputes and claims arising from or related to this lawsuit which exist between them.

2.11    Plaintiffs' Counsel and the Settlement Class Plaintiff have conducted an investigation into the facts raised by this action, have engaged in extensive discovery and participated in three full-day mediation sessions. The Settlement Class Plaintiff and Plaintiffs' Counsel believe the settlement with MP&C, for the consideration, and on the terms, set forth in this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class in light of all known facts and circumstances.  MP&C and Defendant's Counsel also agree that the Settlement is fair, reasonable and adequate in light of all known facts and circumstances.

3.    The Settlement.

3.1    It is agreed by and among the Settling Parties that this Action and any claims, damages, or causes of action arising out of the dispute which is the subject of the Action, be settled and compromised, subject to the terms and conditions set forth in this Settlement Agreement and the approval of the Court.

3.2    *Consideration to Settlement Class Members*

3.2.1    MP&C, itself or through the Claims Administrator, and according to the terms, conditions and procedures set forth herein, shall pay each Participating Claimant his or her Settlement Share.  To the extent administratively convenient, each Settlement Share shall be paid via one check.  Each Settlement Share shall be allocated for tax reporting reasons as follows: (a) eighty percent (80%) shall be deemed payment in settlement of claims for unpaid wages which shall be reported to all applicable tax authorities as set forth below; and (b) twenty percent (20%) shall be deemed payment in settlement of claims for interest, any applicable penalties, or liquidated damages, and all other non-wage recovery, which shall be reported to all applicable tax authorities on a Form 1099.  None of the amounts paid to Participating Claimants shall be included for

1    purposes of the accrual of any employee benefits, plans, programs, agreements or

2    policies sponsored, maintained or contributed to by MP&C or its affiliates.

3         3.2.2    As further detailed in this Settlement Agreement and for each

4    Settlement Share payment, MP&C, itself or through the Claims Administrator, will report

5    each payment to government authorities including the Internal Revenue Service as

6    required by law, and it shall make all required deductions and/or withholdings.

7         3.3    *Taxes*

8         3.3.1    Those payments allocated to the settlement of claims for unpaid

9    wages: (a) shall be subject to required withholdings and deductions, and so the net

10   amounts payable will be less than the gross amounts; and (b) shall be reported in the year

11   of payment as wage income to the Participating Claimant on a Form W-2 or analogous

12   form.  Other than as set forth above, MP&C will not, unless otherwise required by law,

13   make any deductions, withholdings or additional payments from the Settlement Share of

14   each Participating Claimant, including for medical or other insurance payments or

15   premiums, employee 401 (k) contributions or matching employer contributions, wage

16   garnishments, or charity withholdings.  Entry of the Final Approval Order by the Court shall

17   be deemed authority not to make any such additional deductions, withholdings or

18   additional payments.  Any amount paid to Participating Claimants shall not create any

19   credit or otherwise affect the calculation of any deferred compensation, benefit or other

20   compensation covered by any plan provided by MP&C.

21        3.3.2    Other than the withholding and reporting requirements set forth in

22   Paragraphs 3.2.1, 3.2.2 and 3.3.1 above, Participating Claimants shall be solely

23   responsible for the reporting and payment of any federal, state and/or local income or

24   other tax, if any, on the payments made pursuant to this Settlement Agreement.  MP&C

25   makes no representations, and it is understood and agreed that MP&C has made no

26   representations, as to the taxability of any portions of the settlement payments to any

27   Participating Claimants, the payment of any costs or award of attorney fees, or any

28   payments to the Settlement Class Plaintiff.  The Notice will advise Settlement Class

1   Members to seek their own tax advice prior to acting in response to that Notice, and the

2   Settlement Class Plaintiff and Plaintiffs' Counsel agree that Settlement Class Members

3   will have an adequate opportunity to seek tax advice prior to acting in response to the

4   Notice.

5       3.4     *Court Approval of Notice and Settlement Hearing.*

6       3.4.1    On or before August 5, 2008, the Settling Parties, through their

7   counsel of record in the Litigation, shall file this Settlement Agreement with the Court and

8   jointly move for its preliminary approval.  At the same time, the Settling Parties will also

9   request that the Court schedule a Fairness Hearing for the purposes of granting final

10  approval of this Settlement Agreement and entering a Final Approval Order.  The Settling

11  Parties' proposed Preliminary Order shall provide for: (a) granting preliminary approval of

12  the Settlement Agreement; (b) preliminarily approving the payments to the Settlement

13  Class Plaintiff, as set forth in Paragraph 1.10 above; (c) preliminarily approving the

14  Attorneys' Fees and Costs set forth in Paragraph 1.10 above; (d) ordering Notice to the

15  Settlement Class as set forth in Paragraph 3.5.1 below; and (e) scheduling a date for final

16  hearing on the question of whether the proposed settlement should be finally approved as

17  fair, reasonable and adequate as to the Settlement Class.

18      3.4.2    Subject to Court availability, the Settling Parties will request that by

19  August 19, 2008, the Court determine whether it will enter the Preliminary Approval Order.

20  In the absence of a written agreement of the Settling Parties, failure of the Court to enter

21  the attached Preliminary Approval Order in its entirety or in a substantially similar form will

22  be grounds for the Settlement Class Plaintiff or MP&C to choose to terminate the

23  settlement and the terms of this Settlement Agreement.

24      3.4.3    If the Court enters the Preliminary Approval Order after August 19,

25  2008, Plaintiffs' Counsel and counsel for MP&C shall meet and confer to reach agreement

26  on any necessary revisions of the deadlines and timetables set forth in this Settlement

27  Agreement, if necessary.  In the event that the Settling Parties fail to reach such

28  agreement, any of the Settling Parties may apply to the Court via a noticed motion for

1  modification of the dates and deadlines herein, provided that such a request to the Court

2  may seek only reasonable modifications of the dates and deadlines contained herein and

3  no other changes.

4      3.4.4     If the Court enters the Preliminary Approval Order, then at the

5  resulting Fairness Hearing the Settlement Class Plaintiff and MP&C, through their counsel

6  of record, shall address any written objections from Settlement Class Members or any

7  concerns from Settlement Class Members who attend the hearing as well as any

8  concerns of the Court, if any.  The Settling Parties shall and hereby do, unless provided

9  otherwise in this Settlement Agreement, stipulate to final approval of this Settlement

10  Agreement and entry of the Final Approval Order by the Court.

11      3.5     *Notice to Settlement Class Members.*

12      3.5.1     No later than seven (7) days after the entry of the Preliminary

13  Approval Order, Plaintiffs' Counsel will mail to all Settlement Class Members, at their Last

14  Known Addresses, the Notice to Participate in Settlement attached as Exhibit C.   This

15  Notice shall be mailed via first class mail through the United States Postal Service,

16  postage pre-paid.  The mailing shall include a return envelope with postage prepaid.

17      3.5.2     The Notice and its envelope or covering shall be marked to denote

18  the return address of Plaintiffs' Counsel.

19      3.5.3     Plaintiffs' Counsel shall provide the Court and Defendant's Counsel,

20  at least five (5) days prior to the Fairness Hearing, a proof of mailing with regard to the

21  mailing of the notice to the Settlement Class, including a list of the members of the

22  Settlement Class to whom the Notice was mailed and the addresses to which the mailing

23  was sent for each person.

24      3.5.4     Plaintiffs' Counsel shall be responsible for all costs of mailing the

25  Notice, including the cost of the envelope in which the Notice will be mailed, the cost of

26  reproducing the Notice, and the cost of postage to send the Notice and for responses.  No

27  other materials beside the Notice (including exhibits and prepaid return envelopes) will be

28  included in this mailing.

3.5.5    The Notice shall be deemed mailed and received by the Settlement Class Member to whom it was sent five (5) days after mailing.   In the event that, subsequent to the first mailing of a Notice and prior to the deadline for a response, the Notice is returned to Plaintiffs' Counsel by the United States Postal Service with a forwarding address for the recipient, Plaintiffs' Counsel shall re-mail the Notice to that address, the Notice will be deemed mailed and received at that point or by the Final Approval date, whichever is earlier, and the forwarding address shall be deemed the updated address for that Settlement Class Member.

3.6    *Responses to the Notice; Motion for Final Approval.*

3.6.1    Settlement Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit and the Settlement Class. Settlement Class Members who wish to exercise this option must mail a signed letter via United States mail to the Court indicating their intent to opt out of the Settlement Class. To be timely, the letter must be mailed and received by the Court by the Notice Response Deadline.  If a letter indicating a Settlement Class Member's intent to opt out is not timely received by the Court from a Settlement Class Member on or before the Notice Response Deadline, that Settlement Class Member shall: (a) be bound by the settlement, this Settlement Agreement and the Final Approval Order; (b) be deemed to have forever waived his or her right to opt out of the Settlement Class; (c) be deemed a Member of the Settlement Class; and (d) for all purposes they shall be regarded as if they never were a party to this Litigation and, thus, they shall not be entitled any tolling of any statute(s) of limitations agreed to by the Settling Parties or ordered by the Court in this Litigation.

3.6.2    Settlement Class Members may also object to the settlement and this Settlement Agreement by submitting written objections to the Court, with copies to Plaintiffs' Counsel and Counsel for MP&C, no later than the Notice Response Deadline. The Notice shall advise Settlement Class Members of this option.   Settlement Class Members may choose to obtain their own attorney(s) to assist them in making objections.

1  Settlement Class Members who choose this option will be responsible for any attorneys'

2  fees or costs incurred as a result of this election.

3    3.6.3    It is agreed and understood that if no Settlement Class Members

4  opt out of this Settlement Agreement then MP&C will pay a total gross amount of

5  $1,025,000.00 to all those Settlement Class Members.  MP&C does not have to pay, and

6  may retain the amount of the Settlement Share, for any Settlement Class Member who

7  timely opts-out of this Settlement Agreement.

8    3.6.4    Prior to the Fairness Hearing, and consistent with any rules

9  imposed by the Court, the Settlement Class Plaintiff and MP&C shall jointly move the

10  Court for entry of the Final Approval Order: (a) approving the settlement, adjudging the

11  terms thereof to be fair, reasonable and adequate, and directing consummation of its

12  terms and provisions; and (b) dismissing this action on the merits and with prejudice and

13  permanently barring all Settlement Class Members from prosecuting against MP&C or its

14  present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs,

15  executors, representatives, successors, or assigns, any individual or class claims relating

16  to the non-payment of overtime compensation upon satisfaction of all payments and

17  obligations hereunder.  Through this motion, the Settling Parties shall advise the Court,

18  inter alia, of the agreements in Paragraphs 3.2 and 3.9 of this Settlement Agreement.

19  The Settlement Class Plaintiff and Plaintiffs' Counsel shall be responsible for justifying to

20  the Court the agreed upon payments set forth in those Paragraphs.  To the extent

21  possible, the motion seeking entry of the Final Approval Order shall be noticed for the

22  same day as the Fairness Hearing.  The Settling Parties shall take all reasonable efforts

23  to secure entry of the Final Approval Order.  If the Court rejects this Settlement

24  Agreement, fails to enter the Final Approval Order in substantially the form attached

25  hereto, or fails to enter the Final Approval Order, unless the Settling Parties agree in

26  writing, this Settlement Agreement shall be void ab initio, and MP&C shall have no

27  obligations to make any payments under the Settlement.

28

3.7     *Timing of payment to Participating Claimants.*

3.7.1     Within fourteen (14) days after, and only after, the Effective Date, MP&C, itself or through the Claims Administrator, shall pay to each Participating Claimant his or her Settlement Share. Upon request, Plaintiffs' Counsel shall provide counsel for MP&C with the pertinent taxpayer identification numbers for Participating Claimants within five (5) days.

3.7.2     In accordance with the terms of Paragraphs 3.2.1 and 3.2.2, MP&C, itself or through the Claims Administrator, shall issue to each Participating Claimant one check (or more if necessary for administrative convenience) payable to the Participating Claimant, from MP&C (or from an account administered by the Claims Administrator but funded by MP&C), for the gross amount of the Settlement Share, less all applicable tax withholdings. MP&C, itself or through the Claims Administrator, shall mail this check(s) to each Participating Claimant at his or her Last Known Address on or before the date which is fourteen (14) days after the Effective Date.

3.7.3     Checks issued to Participating Claimants pursuant to this Settlement Agreement shall remain negotiable for a period of one hundred and eighty (180) days from the date of mailing. Funds associated with any checks which are not properly or timely negotiated by that date shall remain the property of MP&C. The Settling Parties agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Settlement Agreement. Check recipients who fail to negotiate their check(s) in a timely fashion shall remain bound by the terms of this Settlement Agreement and of the Final Approval Order.

3.7.4     Following the mailing of the payments to Participating Claimants discussed in Paragraph 3.2.1, the Claims Administrator shall provide Plaintiffs' Counsel and Counsel for MP&C with a written confirmation of this mailing. Upon receipt of this confirmation, Plaintiffs' Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

3.8     *Releases*.

    3.8.1     Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, each member of the Settlement Class fully releases and discharges the MP&C Releasees, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, penalties, action or causes of action of whatever kind or nature, whether known or unknown, relating to the non-payment of overtime compensation, whether under federal, state and/or local law; whether in the nature of claims for damages, unpaid wages, premium pay, adjustments to compensation, unreimbursed expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks; whether for attorneys' fees or injunctive relief; and whether sounding in contract or tort, including but not limited to all claims related to this lawsuit, which arose on or before the Final Approval Date (collectively the "Released Claims").  The Released Claims include, without limitation, any claims meeting the above definition under any and all applicable statutes, including without limitation, the FLSA and CMWA and any other provision of the laws of Connecticut or any other state or jurisdiction in all of their iterations.

    3.8.2     Upon the Final Approval Date, the Settlement Class Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, dismissed with prejudice, relinquished and discharged all Released Claims against all MP&C Releasees.

    3.8.3     In addition to being bound by the release of his Released Claims through the operation of Paragraph 3.8.2, the Settlement Class Plaintiff will also execute a separate general release, in the form attached hereto as Exhibit E (the "General Release Agreement"), releasing any and all other claims of any kind which he may have against the MP&C Releasees.  The consideration paid in this Settlement Agreement is being given in part as consideration for this additional general release, and the Settlement Class Plaintiff acknowledges and agrees that no payment under this Settlement Agreement

1   needs to be made to him unless and until he executes the additional release and it

2   becomes effective.

3       3.9     *Payment of Costs and Attorney Fees and Payments to the*

4   *Settlement Class Plaintiff.*

5       3.9.1    Although Plaintiffs' Counsel's fee agreement with the Plaintiffs

6   entitles them to one-third (33 $^{1/3}$%) of the total amount awarded, Plaintiffs' Counsel have

7   agreed to accept a reduced fee of one-fourth (25%).  Thus, in consideration for settling

8   this matter and in exchange for the release of all claims by the Settlement Class, MP&C

9   agrees to pay Plaintiffs' Counsel the sum of up to Three Hundred Seventy-Five Thousand

10  Dollars and No Cents ($375,000.00) as reasonable attorneys' fees pursuant to the FLSA

11  and/or CMWA, out-of-pocket costs and expenses directly related to the Lawsuit (which

12  includes all such fees and costs incurred to date, and all such fees and costs incurred in

13  documenting the Settlement, securing Court approval of the Settlement, monitoring the

14  Settlement and obtaining dismissal of the Action), provided, however, that if Settlement

15  Class Members opt-out of this Settlement the attorneys' fees and costs to be paid to

16  Plaintiffs' Counsel can not exceed 33 $^{1/3}$% of the aggregate amount of the Settlement

17  Shares of the Participants Claimants.

18      3.9.2    Plaintiffs' Counsel shall be entitled, subject to Court approval, to

19  apply to the Court for an award of attorneys' fees and costs, not to exceed the amount

20  specified herein.  Not more than fourteen (14) days after the Effective Date, and only if the

21  Effective Date occurs, and again subject to Court approval, MP&C will pay Plaintiffs'

22  Counsel up to $375,000.00 for all attorneys' fees and allowable Litigation costs and

23  expenses.  The payment made per this paragraph shall constitute full satisfaction of any

24  claim for attorneys' fees or costs.  The Settlement Class Plaintiff and Plaintiffs' Counsel,

25  on behalf of themselves and all Settlement Class Members, agree that they shall not

26  seek, nor be entitled to, any additional attorneys' fees or costs under any theory from any

27  source.  The Settlement Class Plaintiff and Plaintiffs' Counsel agree that they shall be

28  responsible for justifying the amount of this cost and fee payment to the Court, and they

1    agree to submit the necessary motion/application to justify this payment along with the
2    Settling Parties' joint motion for final approval of the Settlement Agreement.    MP&C
3    agrees not to oppose any submission regarding, or request for approval of, this payment
4    of fees or costs provided it is consistent with this Settlement Agreement.  In the event that
5    the Court (or appellate court) awards less than the maximum amount for attorneys' fees
6    and/or costs, only the awarded amounts shall be paid and shall constitute full satisfaction
7    of the obligations of this paragraph and full payment thereunder, and any remaining or
8    unawarded portion of the maximum fee and cost awards shall remain the property of
9    MP&C.

10    3.9.3    If the Effective Date occurs, within fourteen (14) days after, and
11    only after, the Effective Date, MP&C shall make the payments pursuant to Paragraph
12    3.9.2 to Plaintiffs' Counsel directly.  Plaintiffs' Counsel shall provide counsel for MP&C
13    with the pertinent taxpayer identification numbers within five (5) days after the Effective
14    Date.    Other than any reporting of this fee payment as required by this Settlement
15    Agreement or by law, which MP&C shall make, Plaintiffs' Counsel and the Settlement
16    Class Plaintiff shall alone be responsible for the reporting and payment of any federal,
17    state and/or local income or other form of tax on any payment made pursuant to this
18    Settlement Agreement.  Other than as provided in this Paragraph for the limited purpose
19    discussed herein, no party shall be deemed the prevailing party for any other purposes of
20    the Litigation or otherwise, including in any other litigation or proceeding.

21    3.9.4    Settlement Class Plaintiff is entitled to a Settlement Share in the
22    amount of $39,325.00.  In the event that the Effective Date occurs, and contingent upon
23    Settlement Class Plaintiff's execution and non-revocation of the General Release
24    Agreement as provided in Paragraph 3.8.3, MP&C will forward a check payable to James
25    Neary in his personal capacity only and via Plaintiffs' Counsel for an amount including:  (a)
26    his Settlement Share; (b) the gross amount of Ten Thousand Dollars and No Cents
27    ($10,000.00) as an incentive payment ("Incentive Payment"); and (c) the gross amount of
28    Fifty Thousand Six Hundred and Seventy Five Dollars and No Cents ($50,675.00) for

other claims associated with his employment with, and separation from, MP&C (the "Individual Settlement Payment") (together, the "Settlement Consideration").    All appropriate tax withholdings, if any, may be made from these amounts.   The Incentive Payment shall be compensation and consideration for this Settlement Class Plaintiff's efforts as the Settlement Class Plaintiff in the Litigation and the Individual Settlement Payment shall be for other claims associated with his employment with, and separation from, MP&C as noted above.   Through this Settlement Agreement, the Settlement Class Plaintiff agrees to be a Member of the Settlement Class and to be a Participating Claimant subject to the Final Approval Order.    In light of this Settlement Agreement and his participation, it shall not be necessary for the Settlement Class Plaintiff to be sent a Notice to Participate in Settlement.   The Settling Parties agree that MP&C will report the payment of the Settlement Class Plaintiff's Settlement Share according to the terms of this Settlement Agreement and will report the other payments in this Paragraph as set forth in the General Release Agreement (Exhibit E).   Other than the reporting and withholding set forth in this paragraph, the Settlement Class Plaintiff shall be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made pursuant to this Settlement Agreement.   The Settlement Class Plaintiff agrees to indemnify MP&C for any liability or costs incurred by it if any tax authority should dispute their characterization of this compensation.

   3.9.5    Checks issued to the Settlement Class Plaintiff and Plaintiff's Counsel pursuant to this Settlement Agreement shall remain negotiable for a period of one hundred and eighty (180) days from the date of mailing. Funds associated with any checks which are not properly or timely negotiated by that date shall remain the property of MP&C.   The Settling Parties agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres*, or other distribution not provided for in this Settlement Agreement.   Check recipients who fail to negotiate their check(s) in a timely fashion shall remain bound by the terms of this Settlement Agreement and of the Final Approval Order.

1      3.10    *Claims Administrator*.

2      3.10.1   MP&C shall be responsible for any fees and expenses reasonably

3 incurred by the Claims Administrator.   The Settlement Class Plaintiff and Plaintiffs'

4 Counsel shall have no responsibility for such fees or expenses.

5      3.10.2   The actions of the Claims Administrator shall be governed by the

6 terms of this Settlement Agreement.  MP&C may provide relevant information needed by

7 the Claims Administrator per this Settlement Agreement and engage in related

8 communications with the Claims Administrator without notice or copies to Plaintiffs'

9 Counsel, any Settlement Class Member or the Court.  Plaintiffs' Counsel may provide

10 relevant information needed by the Claims Administrator per this Settlement Agreement

11 and engage in related communications with the Claims Administrator without notice or

12 copies to MP&C, any Settlement Class Member or the Court.  MP&C may make payment

13 to the Claims Administrator for its services and engage in related communications with the

14 Claims Administrator without notice or copies to Plaintiffs' Counsel, any Settlement Class

15 Member or the Court.

16     3.10.3   In the event that the Settlement Class Plaintiff or Plaintiffs' Counsel

17 take the position that the Claims Administrator is not acting in accordance with the terms

18 of the Settlement Agreement, Plaintiffs' Counsel shall meet and confer with counsel for

19 MP&C prior to raising any such issue with the Claims Administrator or the Court.

20     3.11    *Termination of Settlement*.

21     3.11.1   In the event the Court disapproves this Settlement Agreement in its

22 entirety, or fails to approve any of the following material conditions of this Settlement

23 Agreement: the Settlement Amount of $1,500,000; the payments to the Settlement Class

24 Plaintiff as set forth in Paragraph 1.10 above; the award of attorneys' fees to Plaintiffs'

25 Counsel in the amount of 25% of the Settlement Amount (as set forth in Paragraph 3.9.1

26 above); the release for Settlement Class Members; the separate Release attached as

27 Exhibit E for Settlement Class Plaintiff; the confidentiality provisions (as set forth in

28 Paragraphs 1.5, 3.12.7, 3.12.8 and 3.12.9 herein); or the dismissal with prejudice of the

1    claims of each Settlement Class Member (as set forth in Paragraphs 3.6.4 and 3.8.2

2    above); this entire Settlement Agreement shall become voidable and unenforceable as to

3    all parties herein at the option of either party.  Each party may exercise its option to void

4    this settlement as provided above by giving notice, in writing, to the other and to the Court

5    within ten (10) days of the Court's disapproval of any such material condition, but in no

6    event at any time after the Final Approval Date.  In the event that the settlement is voided,

7    MP&C shall not be required to make any payments to anyone in accordance with the

8    terms of this Settlement Agreement, the Settling Parties shall bear their own costs and

9    fees with regard to the efforts to obtain Court approval, and this Settlement Agreement

10   shall be deemed null and void with no effect on the Lawsuit whatsoever.

11        3.12    *Miscellaneous Provisions.*

12        3.12.1    The only Settlement Class Members entitled to any payment under

13   this Settlement Agreement and the Final Approval Order are Participating Claimants, and

14   they shall be entitled to their respective Settlement Shares only.   This Settlement

15   Agreement and the Final Approval Order do not and will not create any unpaid residue or

16   unpaid residual, and no distribution of such shall be required.   MP&C does not have to

17   pay, and may retain the amount of the Settlement Share, for any Settlement Class

18   Member who opts-out of this Settlement.

19        3.12.2    No Person shall have any claim against Plaintiffs' Counsel, the

20   Claims Administrator, counsel for MP&C or any of the MP&C Releases based on the

21   payments made or other actions taken substantially in accordance with the Settlement

22   Agreement and the settlement contained therein or further orders of the Court.

23        3.12.3    Unless the Settling Parties agree in writing otherwise, in the event

24   that the Settlement Agreement is not approved by the Court or the settlement set forth in

25   the Settlement Agreement is terminated, cancelled, declared void or fails to become

26   effective in accordance with its terms, or if there is no Final Approval Order, the Settling

27   Parties shall resume the Litigation at that time as if no Settlement Agreement had been

28   entered.  In such event, the terms and provisions of the Settlement Agreement shall have

1  no further force and effect with respect to the Settling Parties and shall not be used in this

2  Litigation or in any other proceeding for any purpose, and any Judgment or order entered

3  by the Court in accordance with the terms of the Settlement Agreement shall be treated

4  as vacated, *nunc pro tunc.*

5          3.12.4    The Settling Parties (a) acknowledge that it is their intent to

6  consummate this Settlement Agreement; and (b) agree to fully cooperate with each other

7  to accomplish the terms of this Settlement Agreement, including but not limited to,

8  execution of such documents and to take such other action as may reasonably be

9  necessary to implement the terms of this Settlement Agreement.  The Settling Parties

10  shall use their best efforts, including all efforts contemplated by this Settlement

11  Agreement and any other efforts that may become necessary by order of the Court, or

12  otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As

13  soon as practicable after execution of this Settlement Agreement,  Plaintiffs' Counsel

14  shall, with the assistance and cooperation of MP&C and its counsel, take all necessary

15  steps to secure the Court's final approval of this Settlement Agreement.

16          3.12.5    This Settlement Agreement compromises claims which are

17  contested in good faith, and this Settlement Agreement shall not be deemed an admission

18  by any of the Settling Parties as to the merits of any claim or defense.  The Settling

19  Parties agree that the amounts paid in settlement and the other terms of the Settlement

20  were negotiated in good faith by the Settling Parties, and reflect a settlement that was

21  reached voluntarily after consultation with competent legal counsel.

22          3.12.6    Neither the Settlement Agreement nor the settlement, nor any act

23  performed or document executed pursuant to, or in furtherance of, the Settlement

24  Agreement or the settlement:  (a) is or may be deemed to be or may be used as an

25  admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or

26  liability of MP&C or the MP&C Releasees, or any of them; or (b) is or may be deemed to

27  be or may be used as an admission of, or evidence of, any fault or omission of MP&C or

28  the MP&C Releasees, or any of them, in any civil, criminal or administrative proceeding in

any court, administrative agency or other tribunal; or (c) is or may be deemed to be, nor may be used as, an admission of, or evidence of, the validity of the certifiability of the Settlement Class for any other purpose. Each of the Settling Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. Accordingly, neither the Settlement Agreement nor the settlement will be referred to by the Settlement Class Plaintiff or by Plaintiffs' Counsel or by an Settlement Class Member in any other pleading or proceeding in any court, administrative agency or other tribunal.

> 3.12.7   The Settling Parties agree that, other than filing this Settlement Agreement with the Court, or as otherwise provided herein, they shall keep strictly confidential the terms of this Settlement Agreement, will not disclose, make known, discuss or relay orally, or in writing, electronically or otherwise, the existence or terms of this Settlement Agreement, any information concerning this Settlement Agreement, or any of the discussions leading up to this Settlement Agreement, the facts and allegations underlying the claims in the Action, and MP&C's defenses to such claims. If asked about the case, the Settling Parties and/or their counsel will merely say that the case has been amicably resolved, and refer any interested parties to the public filings. MP&C, Settlement Class Plaintiff, and Plaintiffs' Counsel further agree that they will not publicize or disclose the terms of this Settlement Agreement, the negotiations with respect thereto, or other matters relating to the Litigation, either directly or indirectly, that is, through agents, attorneys, or accountants, or any other person or entity, either in specific or as to general content, to the media, the public generally, or any individual or entity. Notwithstanding the foregoing, nothing in this Settlement Agreement restricts, or is intended to restrict, communications between Plaintiffs' Counsel and individual Settlement Class Members regarding the action or the terms of this Settlement Agreement. Moreover, this Paragraph 3.12.7 does not prohibit the Settlement Class Plaintiff from disclosing information concerning this Settlement Agreement to members of his immediate family or life partners, and Plaintiffs' Counsel from disclosing information

1   concerning this Settlement Agreement to their employees and agents to the extent

2   necessary to effectuate the terms of the Settlement Agreement.  This Paragraph does not

3   prohibit MP&C and/or Defendant's Counsel from disclosing information concerning this

4   Settlement Agreement to its employees and agents to the extent necessary to effectuate

5   the terms of this Settlement Agreement or who otherwise have a business need to know

6   the terms. MP&C, Settlement Class Plaintiff, and Plaintiffs' Counsel may also disclose

7   information concerning this Settlement Agreement to their respective counsel, tax

8   advisors, insurance regulators and external auditors who have first agreed to keep said

9   information confidential and to not disclose it to others.  The foregoing shall not prohibit or

10  restrict such disclosure as is required by law or as may be necessary for the prosecution

11  of claims relating to the performance or enforcement of this Settlement Agreement, or

12  prohibit or restrict MP&C, Settlement Class Plaintiff or Plaintiffs' Counsel from responding

13  to any inquiry about this settlement or its underlying facts and circumstances by any

14  governmental agency, or any regulatory or self-regulatory organization. To the extent

15  permitted by law, with respect to any such disclosure pursuant to the foregoing sentence,

16  MP&C, Settlement Class Plaintiff and Plaintiffs' Counsel shall provide the other Party with

17  as much notice as possible of any request to make any above-described disclosure, and

18  will use best efforts to ensure that if such disclosure occurs it will occur in a manner

19  designed to maintain the confidentiality of this Settlement Agreement to the fullest extent

20  possible.

21          3.12.8    The Settling Parties and their respective counsel agree that they will

22  not issue any press release, and will not hold or participate in any press conference,

23  communication or contact with the media regarding this settlement or any other matter

24  related to this litigation.  If the Settling Parties and/or their counsel are contacted by the

25  media, they will limit their response to a statement that the case has been amicably

26  resolved, and refer them to the public filings.

27          3.12.9    With respect to all of the documents produced by MP&C in this

28  litigation, Plaintiffs' Counsel reacknowledge that they continue to bound by the Settling

1   Parties' agreement that these documents must be kept confidential and may only be used
2   to prosecute or settle this litigation.

3           3.12.10 All of the exhibits to this Settlement Agreement are material and
4   integral parts hereof and are fully incorporated herein by this reference.

5           3.12.11 The Settling Parties hereto represent, covenant, and warrant that
6   they have not directly or indirectly, assigned, transferred, encumbered, or purported to
7   assign, transfer, or encumber to any person or entity any portion of any liability, claim,
8   demand, action, cause of action or rights herein released and discharged except as set
9   forth herein.

10          3.12.12 The Settlement Agreement may be amended or modified only by a
11  written instrument signed by or on behalf of all Settling Parties.

12          3.12.13 This Settlement Agreement contains the entire agreement between
13  the Settling Parties relating to the Settlement and transaction contemplated hereby, and
14  all prior or contemporaneous agreements, understandings, representations, and
15  statements, whether oral or written and whether by a Settling Party or such Settling
16  Party's legal counsel, are merged herein. No representations, warranties or inducements
17  have been made to any Settling Party concerning the Settlement Agreement or its exhibits
18  other than the representations, warranties and covenants contained and memorialized in
19  such documents.

20          3.12.14 Plaintiffs' Counsel, on behalf of the Class, are expressly authorized
21  by the Settlement Class Plaintiff to enter into this Settlement Agreement and to take all
22  appropriate actions required or permitted to be taken pursuant to this Settlement
23  Agreement to effect its terms, and also are expressly authorized to enter into any
24  modifications or amendments to the Settlement Agreement on behalf of the Settlement
25  Class which they deem appropriate.

26          3.12.15 The signatories hereto hereby represent that they are fully
27  authorized to enter into this stipulation and bind the Settling Parties hereto to the terms
28  and conditions hereof.

3.12.16  The Settling Parties agree that it is impossible or impractical to have each member of the Settlement Class execute this Settlement Agreement.  The Notice to the Settlement Class, pursuant to Paragraph 1.14 above, will advise all members of the Settlement Class of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each individual member of the Settlement Class.

3.12.17  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual not merely a recital.

3.12.18  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

3.12.19  This Settlement Agreement shall be binding upon and inure to the benefit of, the successors, assigns, heirs, trustees, executors, and administrators of the parties hereto; but this Settlement Agreement is not designed to and does not create any third-party beneficiaries.

3.12.20  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

3.12.21  This Settlement Agreement shall be considered to have been negotiated, executed and delivered, and to have been wholly performed, in the State of Connecticut, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Connecticut without giving effect to that State's choice of law principles.

3.12.22 The Settling Parties agree that, upon Final Approval of the Settlement Agreement by the Court, they shall waive any and all appeals which they may have with regard to this matter.

3.12.23 The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Settlement Agreement. The Settling Parties acknowledge that the terms of the Settlement Agreement are contractual and are the product of negotiations between the Settling Parties and their counsel. Each Settling Party and their counsel cooperated in the drafting and preparation of this Settlement Agreement. In any construction to be made of the Settlement Agreement, the Settlement Agreement shall not be construed against any party.

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Settlement Agreement to be executed.

DATED: _____, 2008          By:_____
                                        JAMES NEARY
                                        Plaintiff and Settlement Class Plaintiff


**THE HAYBER LAW FIRM, LLC**

DATED: _____, 2008          By:_____
                                        RICHARD E. HAYBER, ESQ.


**THE PANTUSO LAW FIRM, LLC**

DATED: _____, 2008          By:_____
                                        ANTHONY J. PANTUSO, III, ESQ.


                                        Attorneys for Plaintiff and Settlement Class

**MORGAN, LEWIS & BOCKIUS LLP**

DATED: _____, 2008

By: _____
CHRISTOPHER A. PARLO, ESQ.
CARRIE A. GONELL, ESQ.

Attorneys for Defendant

**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY**

DATED: _____, 2008

By: _____

Authorized Representative