**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JAMES NEARY**, individually and on behalf of other similarly situated individuals | : : : | |
| Plaintiffs | : | **CIVIL ACTION NO.:** |
| | : | **3:06 CV 0536 (JBA)** |
| - against - | : | |
| | : | |
| **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,** | : : | |
| Defendant. | : | September 15, 2008 |

**APPLICATION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

The named Plaintiff, James Neary, individually and on behalf of the class, hereby moves for an Order awarding attorneys fees and costs in the amount of Three Hundred Seventy-Five Thousand Dollars ($375,000.00) to Plaintiffs' counsel, pursuant to Section 3.9 *et seq.* of the Stipulation and Agreement of Settlement in this matter.

This action was filed by the named Plaintiff, James Neary, on April 6, 2006. As shown in the attached declarations of counsel and accompanying time sheets, and as the Court is aware, this case was hotly contested by Defendant. The docket reflects 200 separate filings in this matter. The parties engaged in extensive discovery. Plaintiffs' counsel responded to 47 separate sets of interrogatories and requests for production (directed to each opt-in plaintiff). Mr. Neary was deposed twice. Multiple issues were litigated, including: several motions for protective orders; the appropriateness of filing Defendant's summary judgment motion before ruling on Plaintiff's motion to proceed as a collective action; and the language of the notice to potential class members. Plaintiffs' counsel successfully opposed two summary judgment motions and prevailed on the motion to proceed as a collective action. The parties also engaged in extensive settlement negotiations, including three separate full-day mediation sessions.

The Fair Labor Standards Act (FLSA) provides that reasonable fees and costs should be awarded to a prevailing party.  29 U.S.C. § 216(b).  A party is considered prevailing if he favorably settles his case.  *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).  In collective actions under the FLSA, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.  See, *e.g.*, *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 849-50 (5th Cir.1998).  Most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees.  *Id.*  In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.  *Id.*

Counsel are seeking 25 percent of the gross recovery as fees and costs in this matter.  Such an award is reasonable, and has been awarded by this court in other collective actions under the FLSA.  For example, in 2002, the Honorable Alvin W. Thompson of this court awarded fees and costs of $582,500.00 in *Gregory v. Home Depot* , Docket No. 3:01-CV-00372 (AWT), which represented 25% of the gross value of a settlement of $2,330,000.00.  Likewise, in 2006, the Honorable Christopher F. Droney of this court approved an application for attorneys' fees and costs of 25% of the gross settlement in *Hawkins v. Somerset Sales, Inc.*, Docket No. 3:05-CV-00434 (CFD).

Plaintiffs' counsel agreed to take this case on a contingent fee basis.  They have advanced costs of $15,428.02.  Pursuant to the fee agreement with the named Plaintiff, they are entitled to one-third of the gross value of the recovery in this matter, plus reimbursement of all costs advanced, which would total $515,428.02.  As part of the Stipulation and Agreement of Settlement, Counsel have agreed to accept a reduced fee of $375,000.00, which is 25 percent of

the gross value of the recovery in this matter, inclusive of all costs advanced. The gross amount of the settlement in this case is $1,500,000.00. Over two-thirds of this total, $1,025,000.00, is being distributed to the forty-seven "opt-in" plaintiffs. Defendant has agreed to this allocation.

The Stipulation and Agreement of Settlement was reached after extensive arm's length negotiations, including three separate full-day mediation sessions before Joseph D. Garrison, Esq., past President of the National Employment Lawyers' Association. The settlement resolves *bona fide* disputes under the Fair Labor Standards Act, represents a fair, adequate and reasonable compromise of these disputes, and is not the product of collusion. Accordingly, the terms of the Stipulation and Agreement of Settlement, including the attorneys' fee provisions, should be approved.

Attached to this Application are Declarations of Richard E. Hayber, Esq. and Anthony J. Pantuso, III, Esq., along with contemporaneous time sheets showing the hours worked on this matter. Plaintiff hereby requests that the Court find that the requested attorneys' fees and costs are reasonable.

                              PLAINTIFF, JAMES NEARY, individually and on behalf of other similarly situated individuals

By:      /s/
Anthony J. Pantuso, III
Fed. Bar No.: ct11638
The Pantuso Law Firm, LLC
204 Broad Street, Second Floor
Milford, CT 06460
(203) 876-0000
(203) 877-1839 (facsimile)
apantuso@pantusolaw.com

**CERTIFICATION OF SERVICE**

      I hereby certify that on **September 15, 2008** a copy of Plaintiff's **Application for Award of Attorneys' Fees and Costs**, dated **September 15, 2008**, was filed electronically [and service made by mail to anyone unable to accept electronic filing].  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail for anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

                                                              /s/
                                        Anthony J. Pantuso, III